LIBER  3022   PAGE  0512    1 of 7
STATE OF MICHIGAN - EATON COUNTY
RECEIVED: 09/26/2022 03:57:29 PM    Receipt #22015915
RECORDED:   09/26/2022 03:59:58 PM    F.ASFF
DIANA BOSWORTH,  CLERK/REGISTER OF DEEDS

# UCC FINANCING STATEMENT AMENDMENT
FOLLOW INSTRUCTIONS

**A. NAME & PHONE OF CONTACT AT FILER** (optional)
Name: Wolters Kluwer Lien Solutions  Phone: 800-331-3282  Fax: 818-662-4141

**B. E-MAIL CONTACT AT FILER** (optional)
uccfilingreturn@wolterskluwer.com

**C. SEND ACKNOWLEDGMENT TO:** (Name and Address)

21105 - ARBOR REALTY

Lien Solutions
P.O. Box 29071
Glendale, CA  91209-9071

88958016

MIMI
FIXTURE

File with: Eaton, MI

**THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY**

**1a. INITIAL FINANCING STATEMENT FILE NUMBER**
Liber: 2989 Page: 0378   2/28/2022 CC MI Eaton

**1b.** ☒ This FINANCING STATEMENT AMENDMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS
Filer: attach Amendment Addendum (Form UCC3Ad) and provide Debtor's name in item 13

**2.** ☐ **TERMINATION:** Effectiveness of the Financing Statement identified above is terminated with respect to the security interest(s) of Secured Party authorizing this Termination Statement

**3.** ☒ **ASSIGNMENT (full or partial):** Provide name of Assignee in item 7a or 7b, and address of Assignee in item 7c and name of Assignor in item 9
For partial assignment, complete items 7 and 9 and also indicate affected collateral in item 8

**4.** ☐ **CONTINUATION:** Effectiveness of the Financing Statement identified above with respect to the security interest(s) of Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law

**5.** ☐ **PARTY INFORMATION CHANGE:**
Check one of these two boxes:   AND Check one of these three boxes to:
This Change affects ☐ Debtor or ☐ Secured Party of record
☐ CHANGE name and/or address: Complete item 6a or 6b; and item 7a or 7b and item 7c
☐ ADD name: Complete item 7a or 7b, and item 7c
☐ DELETE name: Give record name to be deleted in item 6a or 6b

**6. CURRENT RECORD INFORMATION:** Complete for Party Information Change - provide only one name (6a or 6b)

| 6a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| 6b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |

**7. CHANGED OR ADDED INFORMATION:** Complete for Assignment or Party Information Change - provide only one name (7a or 7b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name)

| 7a. ORGANIZATION'S NAME |
|---|
| ARBOR CS FUNDING, LLC |

7b. INDIVIDUAL'S SURNAME
INDIVIDUAL'S FIRST PERSONAL NAME
INDIVIDUAL'S ADDITIONAL NAME(S)/INITIAL(S)   SUFFIX

| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 333 EARLE OVINGTON BLVD., SUITE 900 | UNIONDALE | NY | 11553 | USA |

**8.** ☐ **COLLATERAL CHANGE:**   Also check one of these four boxes:  ☐ ADD collateral   ☐ DELETE collateral   ☐ RESTATE covered collateral   ☐ ASSIGN collateral
Indicate collateral:

**9. NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT:** Provide only one name (9a or 9b) (name of Assignor, if this is an Assignment)
If this is an Amendment authorized by a DEBTOR, check here ☐ and provide name of authorizing Debtor

| 9a. ORGANIZATION'S NAME |
|---|
| ARBOR REALTY SR, INC. |

| 9b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|

**10. OPTIONAL FILER REFERENCE DATA:**   Debtor Name: WOODSIDE MEADOWS APTS OWNER LLC
88958016              ARSR to ACSF                                                                                              UCC-3 Eaton Co. ARSR to ACSF

FILING OFFICE COPY — UCC FINANCING STATEMENT AMENDMENT (Form UCC3) (Rev. 04/20/11)

Prepared by Lien Solutions, P.O. Box 29071,
Glendale, CA 91209-9071 Tel (800) 331-3282

# UCC FINANCING STATEMENT AMENDMENT ADDENDUM
FOLLOW INSTRUCTIONS

**11. INITIAL FINANCING STATEMENT FILE NUMBER:** Same as item 1a on Amendment form
Liber: 2989 Page: 0378   2/28/2022 CC MI Eaton

**12. NAME OF PARTY AUTHORIZING THIS AMENDMENT:** Same as item 9 on Amendment form

**12a. ORGANIZATION'S NAME**
ARBOR REALTY SR, INC.

OR

**12b. INDIVIDUAL'S SURNAME**

**FIRST PERSONAL NAME**

**ADDITIONAL NAME(S)/INITIAL(S)**   **SUFFIX**

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

**13.** Name of DEBTOR on related financing statement (Name of a current Debtor of record required for indexing purposes only in some filing offices - see Instruction item 13): Provide only one Debtor name (13a or 13b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); see Instructions if name does not fit

**13a. ORGANIZATION'S NAME**
WOODSIDE MEADOWS APTS OWNER LLC

OR

**13b. INDIVIDUAL'S SURNAME**   **FIRST PERSONAL NAME**   **ADDITIONAL NAME(S)/INITIAL(S)**   **SUFFIX**

**14. ADDITIONAL SPACE FOR ITEM 8 (Collateral):**

Debtor Name and Address:
WOODSIDE MEADOWS APTS OWNER LLC - /o EVU Residential LLC, 100 Franklin Sq. Drive, Suite 402, Somerset, NJ 08873

Secured Party Name and Address:
ARBOR REALTY SR, INC. - 333 EARLE OVINGTON BLVD. SUITE 900, UNIONDALE, NY 11553
ARBOR CS FUNDING, LLC - 333 EARLE OVINGTON BLVD. SUITE 900, UNIONDALE, NY 11553

**15. This FINANCING STATEMENT AMENDMENT:**
☐ covers timber to be cut   ☐ covers as-extracted collateral   ☒ is filed as a fixture filing

**17. Description of real estate:**
See Exhibit A attached hereto.

**16.** Name and address of a RECORD OWNER of real estate described in item 17 (if Debtor does not have a record interest):

**18. MISCELLANEOUS:** 88958016-MI-45   21105 - ARBOR REALTY TRUST   ARBOR REALTY SR, INC.   File with: Eaton, MI   ARSR to ACSF   UCC-3 Eaton Co. ARSR to ACSF 351552

FILING OFFICE COPY — UCC FINANCING STATEMENT AMENDMENT ADDENDUM (Form UCC3Ad) (Rev. 04/20/11)

Prepared by Lien Solutions, P.O. Box 29071,
Glendale, CA 91209-9071 Tel (800) 331-3282

# EXHIBIT A TO UCC-1 FINANCING STATEMENT

Name and Address of Debtor:  **WOODSIDE MEADOWS APTS OWNER LLC**
c/o EVU Residential LLC
100 Franklin Square Drive, Suite 402
Somerset, New Jersey 08873

Name and Address of Secured Party:  **ARBOR REALTY SR, INC.**
333 Earle Ovington Boulevard
Uniondale, New York 11553

1. <u>Operative Agreements</u>. This Financing Statement is made with reference to and in accordance with the terms of that certain Mortgage, Assignment of Leases and Rents, Security Agreement and Fixture Filing, dated as of February 18, 2022, made by Debtor, as mortgagor, to Secured Party, as mortgagee (the "<u>Security Instrument</u>"), in connection with that certain pieces or parcels of land with improvements thereon known as Sycamore Townhomes located at 4590 Seaway Drive located in the City of Lansing, County of Eaton, State of Michigan and more particularly described in <u>Schedule I</u> attached to this Financing Statement and made a part hereof. All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in that certain Loan Agreement, dated as of February 18, 2022, by and between Debtor and Secured Party, as may be amended, restated, replaced, supplemented or otherwise modified from time to time.

2. <u>Collateral</u>. Debtor does hereby irrevocably grant, bargain, sell, alien, demise, release, convey, assign, transfer, deed, hypothecate, pledge, set over, mortgage, warrant and confirm to Trustee, forever with power of sale and assent to decree, all right, title and interest of Debtor in and to all of the following property, rights, interests and estates, now owned or hereafter acquired (collectively, the "<u>Property</u>"):

(a) the real property described in <u>Schedule I</u> attached hereto and made a part hereof (individually and collectively, the "<u>Premises</u>");

(b) (i) all buildings, foundations, structures, fixtures, additions, enlargements, extensions, modifications, repairs, replacements and improvements of every kind or nature now or hereafter located on the Premises (collectively, the "<u>Improvements</u>"); and (ii) to the extent permitted by Law, the name or names, if any, as may now or hereafter be used for each Improvement, and the goodwill associated therewith;

(c) all easements, rights-of-way, strips and gores of land, vaults, streets, ways, alleys, passages, sewer rights, water, water courses, water rights and powers, ditches, ditch rights, reservoirs and reservoir rights, air rights and development rights, lateral support, drainage, gas, oil and mineral rights, tenements, hereditaments and appurtenances of any nature whatsoever, in any way belonging, relating or pertaining to the Premises or the Improvements and the reversion and reversions, remainder and remainders, whether existing or hereafter acquired, and all land lying in the bed of any street, road or avenue, opened or proposed, in front of or adjoining the Premises to

the center line thereof and any and all sidewalks, drives, curbs, passageways, streets, spaces and alleys adjacent to or used in connection with the Premises and/or the Improvements and all the estates, rights, titles, interests, property, possession, claim and demand whatsoever, both in law and in equity, of Debtor of, in and to the Premises and Improvements, and every part and parcel thereof, with the appurtenances thereto;

    (d) all machinery, equipment, fittings, apparatus, appliances, furniture, furnishings, tools, fixtures (including, but not limited to, all heating air conditioning, ventilating, waste disposal, sprinkler and fire and theft protection equipment, plumbing, lighting, communications and elevator fixtures) and other personal property and other property of every kind and nature whatsoever owned by Debtor, or in which Debtor has or shall have an interest, now or hereafter located upon, or in, and used in connection with the Premises or the Improvements, or appurtenant thereto, and all building equipment, materials and supplies of any nature whatsoever owned by Debtor, or in which Debtor has or shall have an interest, now or hereafter located upon, or in, and used in connection with the Premises or the Improvements or appurtenant thereto, (all of the foregoing items described in Section 3.01(d) of the Security Instrument, collectively, the "Equipment"), all of which, and any replacements, modifications, alterations and additions thereto, to the extent permitted by applicable Law, shall be deemed to constitute fixtures (the "Fixtures"), and are part of the Premises and/or the Improvements and security for the payment of the Secured Obligations and the performance of Debtor's obligations. To the extent any portion of the Equipment is not real property or Fixtures under applicable Law, it shall be deemed to be personal property, and the Security Instrument shall constitute a security agreement creating a security interest therein in favor of Secured Party under the UCC;

    (e) all awards or payments, including interest thereon, which may hereafter be made with respect to the Premises, the Improvements, the Fixtures, or the Equipment, whether from the exercise of the right of eminent domain (including but not limited to any transfer made in lieu of or in anticipation of the exercise of said right), or for a change of grade, or for any other injury to or decrease in the value of the Premises, the Improvements or the Equipment or refunds with respect to the payment of property taxes and assessments, and all other proceeds of the conversion, voluntary or involuntary, of the Premises, Improvements, Equipment, Fixtures or any other Property or part thereof into cash or liquidated claims;

    (f) all leases, subleases, tenancies, licenses and other agreements affecting the use, enjoyment or occupancy of the Premises, the Improvements, the Fixtures, or the Equipment or any portion thereof now or hereafter entered into and all reciprocal easement agreements, license agreements, and other agreements with Tenants or occupants and fee owners of property contiguous to or surrounding the Premises (the "Leases"), whether before or after the filing by or against Debtor of any petition for relief under the Bankruptcy Code, together with all cash or security deposits, advance rentals and payments of similar nature and guarantees or other security held by Debtor in connection therewith (the "Existing Guaranties") to the extent of Debtor's rights or interests therein and all remainders, reversions and other rights and estates appurtenant thereto, and all rents (including additional rents of any kind and percentage rents), rent equivalents, moneys payable as damages (including payments by reason of the rejection of a Lease in a bankruptcy proceeding) or in lieu of rent or rent equivalents, royalties (including, without limitation, all oil and gas or other mineral royalties and bonuses), income, receivables, receipts, revenues, deposits (including security, utility and other deposits), accounts, cash, issues, profits, charges for services

rendered, and other payments and consideration of whatever form or nature received by or paid to or for the account of or benefit of Debtor or any of its agents or employees from any and all sources arising from or attributable to the Premises, the Improvements, the Fixtures or the Equipment, including charges for oil, gas, water, steam, heat, ventilation, air-conditioning, electricity, license fees, maintenance fees, charges for taxes, operating expenses or other amounts payable to Debtor (or for the account of Debtor), revenues from telephone services, laundry, vending, television and all receivables, customer obligations now existing or hereafter arising or created out of the sale, lease, sublease, license, concession or other grant of the right of the use and occupancy of the Premises or rendering of services by Debtor, Property Manager, or any of their respective agents or employees and proceeds, if any, from business interruption or other loss of income insurance (the "<u>Rents</u>") and all proceeds from the sale or other disposition of the Leases and the right to receive and apply the Rents and the Entity Guaranties to the payment of the Secured Obligations;

(g)     all proceeds of and any unearned premiums on any insurance policies covering the Premises, the Improvements, the Fixtures, or the Equipment, including, without limitation, the right to receive and apply the proceeds of any insurance, judgments, or settlements made in lieu thereof, for damage to the Premises, the Improvements, the Fixtures or the Equipment and all refunds or rebates of Impositions, and interest paid or payable with respect thereto;

(h)     all right, title and interest of every nature of Debtor in all monies deposited or to be deposited in any funds or accounts maintained or deposited with Secured Party, or its assigns, in connection herewith;

(i)     all Property Agreements, accounts receivable, contract rights, franchises, interests, estate or other claims, both at law and in equity, relating to the Premises, the Improvements, the Fixtures or the Equipment, not included in Rents;

(j)     all claims against any Person with respect to any damage to the Premises, the Improvements, the Fixtures or Equipment including, without limitation, damage arising from any defect in or with respect to the design or construction of the Improvements, the Fixtures or the Equipment and any damage resulting therefrom;

(k)     all deposits or other security or advance payments, including rental payments made by or on behalf of Debtor to others, with respect to (i) insurance policies, (ii) utility services, (iii) cleaning, maintenance, repair or similar services, (iv) refuse removal or sewer service, (v) parking or similar services or rights and (vi) rental of Equipment, if any, relating to or otherwise used in the operation of the Premises, Improvements, the Fixtures or Equipment;

(l)     all intangible property relating to the Premises, the Improvements, the Fixtures or the Equipment or its operation, including, without limitation, trade names, trademarks, logos, building names and goodwill;

(m)     all advertising material, guaranties, warranties, building permits, other permits, licenses, plans and specifications, shop and working drawings, soil tests, appraisals and other documents, materials and/or personal property of any kind now or hereafter existing in or relating to the Premises, the Improvements, the Fixtures, and the Equipment;

(n) all surveys, drawings, designs, plans and specifications prepared by the architects, engineers, interior designers, landscape designers and any other consultants or professionals for the design, development, construction, repair and/or improvement of the Property, as amended from time to time;

(o) the right, in the name of and on behalf of Debtor, to appear in and defend any action or proceeding brought with respect to the Premises, the Improvements, the Fixtures or the Equipment and to commence any action or proceeding to protect the interest of Secured Party in the Premises, the Improvements, the Fixtures or the Equipment;

(p) any Rate Cap Agreement, interest rate swap agreements and other interest rate hedging contracts and agreements, if any (collectively, "Cap Agreements"), obtained by Debtor (or obtained by Secured Party in the name of Debtor) pursuant to the Loan Documents or as a condition to Secured Party's making the Loan, together with all of the following: (1) any and all moneys (collectively, "Cap Payments") payable from time to time pursuant to any Cap Agreement by the interest rate cap provider or other counterparty to a Cap Agreement, or any guarantor of the obligations of any such cap provider or counterparty ("Cap Provider"); (2) all rights of the Debtor under any Cap Agreement, and all rights of the Debtor to all Cap Payments, including contract rights and general intangibles, existing or arising after the date that the Security Instrument is recorded or filed; (3) all rights, liens and security interests or guarantees existing or following the date that the Security Instrument is recorded or filed, granted by a Cap Provider or any other person to secure or guaranty payment of any Cap Payment; (4) all documents, writings, books, files, records and other documents arising from or relating to any of the items listed in items (1) through (3) above, whether existing now or created after the date the Security Instrument is recorded or filed; and (5) all cash and non-cash proceeds and products of any of the foregoing listed in items (1) through (4) above;

(q) all "accounts", "chattel paper", "general intangibles" and "investment property" (as such terms are defined in the UCC as from time to time in effect); and

(r) all proceeds of each of the foregoing.

[NO FURTHER TEXT ON THIS PAGE]

## SCHEDULE I TO UCC-1 FINANCING STATEMENT

Name and Address of Debtor:  **WOODSIDE MEADOWS APTS OWNER LLC**
c/o EVU Residential LLC
100 Franklin Square Drive, Suite 402
Somerset, New Jersey 08873

Name and Address of Secured Party:  **ARBOR REALTY SR, INC.**
333 Earle Ovington Boulevard
Uniondale, New York 11553

## Legal Description

Land situated in the City of Lansing, County of Eaton, and State of Michigan, described as:

PARCEL 1:
Lots 136 and 137 of GLENBURNE NO. 2, according to the plat thereof recorded in Liber 6 of Plats, Page 27, Eaton County Records.

PARCEL 2:
Lot 135 of GLENBURNE NO. 2, according to the plat thereof recorded in Liber 6 of Plats, Page 27, Eaton County Records, ALSO Lots 225, 226, 227 of GLENBURNE NO. 4, according to the plat thereof recorded in Liber 7 of Plats, Page 4, Eaton County Records.