2003 WL 327667
Only the Westlaw citation is currently available.

UNPUBLISHED OPINION. CHECK COURT RULES BEFORE CITING.

Court of Appeals of Michigan.

GUARDIAN SALES CORPORATION, Plaintiff-Appellee,
v.
JOHN MICHAELS ENTERPRISES, INC., Defendant,
and
Randall J. GILLARY, P.C., Appellant.

No. 233433.
|
Feb. 11, 2003.

Before: MURPHY, P.J., and CAVANAGH and NEFF, JJ.

[UNPUBLISHED]

PER CURIAM.

*1 Appellant, Randall J. Gillary, P.C. (Gillary), appeals as of right from an order denying its application to intervene as of right in this garnishment case. We reverse.

I

Gillary represented defendant, John Michaels Enterprises, Inc. (JME), in litigation which led to an arbitration award in JME's favor. The trial court in that action confirmed the arbitration award on December 22, 1999. At about the same time, plaintiff in this case sued JME on a completely different matter, resulting in a default judgment against JME on September 27, 1999. When plaintiff sought to garnish the proceeds of the arbitration award to satisfy its judgment in this case, Gillary filed a notice of attorney's lien on the arbitration award and sought to intervene in this case to assert its lien.

On appeal, Gillary argues that the trial court abused its discretion in denying his motion to intervene, and determining plaintiff's judgment lien has priority over Gillary's attorney charging lien. This Court reviews for abuse of discretion a trial court's decision on a motion to intervene. *Vestevich v. West Bloomfield Twp,* 245 Mich.App 759, 761; 630 NW2d 646 (2001). An abuse of discretion exists if an unprejudiced person, considering the facts upon which the trial court acted, would say there is no justification or excuse for the ruling, *Cleary v. Turning Point,* 203 Mich.App 208, 210; 512 NW2d 9 (1993), or the result is so violative of fact and logic that it evidences a perversity of will or the exercise of passion or bias, *Dep't of Transportation v. Randolph,* 461 Mich. 757, 768; 610 NW2d 893 (2000).

II

Under MCR 2.209(A)(3), the three elements to establish a right to intervene are: (1) timely application; (2) the applicant's interests are inadequately represented by existing parties; and (3) a determination as to whether the applicant's ability to protect his or her interests upon disposition, as a practical matter, would be impaired or otherwise impeded. *Oliver v. Dep't of State Police,* 160 Mich.App 107, 114-115; 408 NW2d 436 (1987). "The rule should be liberally construed to allow intervention when the applicant's interest otherwise may be inadequately represented." *Precision Pipe & Supply, Inc v Meram Constr, Inc,* 195 Mich.App 153, 156; 489 NW2d 166 (1992).

A

The trial court held that Gillary's application was untimely because it was filed almost four months after a default judgment was entered against JME in the principal action. As a general rule, the right to intervene should be asserted within a reasonable time because laches or unreasonable delay by the intervenor is a proper reason to deny intervention. *American States Ins Co v. Albin,* 118 Mich.App 201, 209; 324 NW2d 574 (1982). However, the Michigan Supreme Court has held that, in some cases, intervention may be proper even after judgment has been entered:

> The question sometimes arises whether an intervention may be after final judgment. If it does not relate to the merits of the question, as where it is a

proceeding to determine the validity of an attachment or whether specified property is subject thereto, the intervention need not delay the main action nor necessarily unsettle any judgment rendered therein. Hence, in such case there is no reason why an intervention may not be after, as well as before, final judgment.

[*School Dist of the City of Ferndale v Royal Oak Twp School Dist No 8,* 293 Mich. 1, 11; 291 NW 199 (1940), quoting 123 Am St Rep 294123 Am St Rep 294 (citations omitted).]

**\*2** The trial court found Gillary's application untimely because the default judgment was entered almost four months earlier. However, "it would have been illogical for [Gillary] to attempt to intervene before entry of the order adopting the arbitration award, because his lien on the judgment did not arise until after entry of that order." *Mahesh v. Mills,* 237 Mich.App 359, 365; 602 NW2d 618 (1999). Moreover, the record demonstrates that Gillary filed the application to intervene as soon as it became aware that its interest might be affected by plaintiff's garnishment action. On December 22, 1999, plaintiff issued a writ of garnishment seeking to garnish the arbitration award judgment owed to JME. Gillary, who acted as trial counsel for JME in the arbitration matter, received notice of the writ of garnishment around December 30, 1999. Gillary filed an application to intervene and objections to the writs of garnishment on January 5, 2000. Given that there was a short delay between plaintiff's request for a writ of garnishment and Gillary's responses, we cannot agree with the trial court that Gillary's application to intervene was untimely.

B

Plaintiff argues that JME adequately represents Gillary's interests in the garnishment proceeding. We disagree. "The requirement of the [MCR 2.209(A)(3) ] is satisfied if the applicant shows that representation of his interest 'may be' inadequate; and the burden of making that showing should be treated as minimal." *D'Agostini v. City of Roseville,* 396 Mich. 185, 188-189; 240 NW2d 252 (1976), citing *Trbovich v United Mine Workers of America,* 404 U.S. 528, 538 n 10; 92 S Ct 630; 30 L.Ed.2d 686 (1972).

JME would inadequately represent Gillary's interest because JME has no incentive to represent Gillary's interest. The arbitration award totaled $185,000. Gillary claims $65,752.35 under the charging lien and plaintiff claims $210,614.66, plus interest for its judgment. Given that JME would retain liability beyond the arbitration award in the event that either plaintiff or Gillary has priority, "[Gillary] is the only party with any incentive to collect that portion of the judgment attributable to [its] attorney's fees, costs, and expenses." *Mahesh, supra* at 365. Moreover, this Court has stated that, "[c]ertainly, [an attorney] was entitled to intervene in order to protect his interest in the charging lien." *Id.,* citing *Munro v. Munro,* 168 Mich.App 138; 424 NW2d 16 (1988).

III

Plaintiff next argues that the trial court properly denied Gillary's motion because its judgment lien has priority over Gillary's attorney charging lien. We disagree. The general rule for determining whether a valid security interest in a judgment is superior to an attorney's lien in a judgment is priority in time. *Warner v. Tarver,* 158 Mich.App 593, 597; 405 NW2d 109 (1986). An attorney has a lien upon the judgment obtained through his efforts, for services and disbursements in the particular case. *Shank v. Lippman,* 249 Mich. 22, 25; 227 NW 710 (1929); *Warner, supra* at 597. A charging lien attaches at the time of judgment. *Simon v. Ross,* 296 Mich. 200, 203; 295 NW 615 (1941). On the other hand, garnishment is in purpose and effect in the nature of attachment. *Missouri Tie & Lumber Co v. Sullivan,* 275 Mich. 26, 28; 265 NW 779 (1936); *Posselius v. First Nat'l Bank,* 264 Mich. 687, 690; 251 NW 429 (1933).

**\*3** The trial court confirmed the arbitration award on December 22, 1999. Thus, Gillary's charging lien attached on December 22, 1999, the same day plaintiff issued a writ of garnishment on the arbitration award. Accordingly, plaintiff's interest in the arbitration award attached no earlier than December 22, 1999. Thus, the parties seemed to have attached their interests at the same time. However, "the attorney's charging lien was an equitable right inherent in the judgment."

*Mahesh, supra* at 361, n 1. Since the writ of garnishment could not have attached before entry of the order confirming the arbitration award, Gillary's lien was first in time and has priority.

## IV

Plaintiff last argues that "[a]n attorney's lien is not enforceable against a third party unless the third party had actual notice of the lien, or unless circumstances known to the third party are such that he should have inquired as to the claims of the attorney." *Doxtader v. Sivertsen,* 183 Mich.App 812, 815; 455 NW2d 437 (1990), citing *Munro, supra* at 141. Further, plaintiff argues that since Gillary did not file its "notice of attorney lien" until after plaintiff filed its request for a writ of garnishment, Gillary cannot enforce its lien against plaintiff, who had no notice. We disagree.

First, it was not necessary for Gillary to file the document entitled "[claim of] lien" with the trial court. *Mahesh, supra* at 361, n 1. Second, there were circumstances known to plaintiff such that it should have inquired into Gillary's claim. Plaintiff knew exactly when the arbitration award was confirmed by the trial court, and issued a writ of garnishment on the same day the arbitration award was confirmed. Given that parties have a duty to inquire into the terms of an attorney's lien, *Warner, supra,* at 597; *Miller v. DAIIE,* 139 Mich.App 565, 569; 362 NW2d 837 (1984), and that plaintiff knew about the arbitration award, it should have inquired into whether there was an attorney's lien. Considering the above, Gillary's lien is enforceable against plaintiff.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

**All Citations**

Not Reported in N.W.2d, 2003 WL 327667

---

End of Document © 2024 Thomson Reuters. No claim to original U.S. Government Works.